**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| **CALEB LANDIS, On Behalf of Himself and All Others Similarly Situated,** | ) | |
| ***Plaintiff*,** | ) | **COLLECTIVE AND CLASS ACTION** |
| **v.** | ) | **CASE NO. ______________________** |
| **DJGN LEXINGTON, LLC, DJGN BOWLING GREEN, LLC, RICCI CULINARY HOLDING COMPANY LLC, RICCI CULINARY MANAGEMENT GROUP LLC, and TONY RICCI,** | ) | **JUDGE ________________________** |
| | ) | **JURY DEMAND** |
| ***Defendants*.** | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

## I. INTRODUCTION

1. Plaintiff Caleb Landis ("Plaintiff") and all other similarly situated employees work or worked for Defendants DJGN Lexington, LLC, DJGN Bowling Green, LLC, Ricci Culinary Holding Company LLC, Ricci Culinary Management Group LLC, and Tony Ricci ("Defendants") at their Tony's Steaks & Seafood ("Tony's") restaurants located in Lexington and/or Bowling Green, Kentucky.

2. Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.*; and (b) a Rule 23 class action under the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010 *et seq.*

3. Plaintiff, individually and on behalf of all others similarly situated, seeks to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendants, as well as liquidated and other non-wage damages, attorneys' fees, and

costs.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. This Court has jurisdiction over Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367.

6. Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. PARTIES

### A. Plaintiff

7. Plaintiff Caleb Landis is a resident of Lexington, Fayette County, Kentucky.

8. Defendants have employed Plaintiff as a server at their Tony's restaurant location in Lexington, Kentucky, from approximately July 2021 through the present.

9. Throughout his employment as a server, Plaintiff has received hourly wages from Defendants less than the federal and Kentucky minimum wage rate plus tips.

### B. Defendants

10. DJGN Lexington, LLC, is a Kentucky limited liability company doing business in this district as Tony's Steaks & Seafood.

11. DJGN Lexington, LLC, is headquartered at the Tony's Steaks & Seafood corporate headquarters located at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

12. DJGN Lexington, LLC's registered agent is Cogency Global, Inc., which can be

served at 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504.

13. DJGN Lexington, LLC, has at all relevant times been an employer within the meaning of the FLSA.

14. DJGN Lexington, LLC, has at all relevant times been an employer within the meaning of the KWHA.

15. DJGN Bowling Green, LLC, is a Kentucky limited liability company doing business in this district as Tony's Steaks & Seafood.

16. DJGN Bowling Green, LLC, is headquartered at the Tony's Steaks & Seafood corporate headquarters located at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

17. DJGN Bowling Green, LLC's registered agent is Cogency Global, Inc., which can be served at 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504.

18. DJGN Bowling Green, LLC, has at all relevant times been an employer within the meaning of the FLSA.

19. DJGN Bowling Green, LLC, has at all relevant times been an employer within the meaning of the KWHA.

20. Defendant Ricci Culinary Holding Company LLC is an Ohio limited liability company doing business within this judicial district and headquartered at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

21. Defendant Ricci Culinary Holding Company LLC's registered agent is Defendant Tony Ricci, who can be served at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

22. Defendant Ricci Culinary Holding Company LLC has at all relevant times been an employer within the meaning of the FLSA.

23. Defendant Ricci Culinary Holding Company LLC has at all relevant times been an

employer within the meaning of the KWHA.

24. Defendant Ricci Culinary Management Group LLC is an Ohio limited liability company doing business within this judicial district and headquartered at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

25. Defendant Ricci Culinary Management Group LLC's registered agent is Defendant Tony Ricci, who can be served at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

26. Defendant Ricci Culinary Management Group LLC has at all relevant times been an employer within the meaning of the FLSA.

27. Defendant Ricci Culinary Management Group LLC has at all relevant times been an employer within the meaning of the KWHA.

28. Defendants DJGN Lexington, LLC, DJGN Bowling Green, LLC, Ricci Culinary Holding Company LLC, and Ricci Culinary Management Group LLC are collectively referred to herein as the "Entity Defendants."

29. The Entity Defendants share a common corporate headquarters.

30. The Entity Defendants are owned by Defendant Tony Ricci.

31. The Entity Defendants share common management, including Defendant Tony Ricci, for example.

32. The Entity Defendants share a common business purpose in operating the four (4) Tony's restaurant locations, including both restaurant locations in Kentucky.

33. The Entity Defendants share common and centralized employment and labor operations.

34. Defendant Tony Ricci is a citizen and resident of Loveland, Clermont County, Ohio.

35. Upon information and belief, Defendant Ricci may be served at 225 Joyce Lane, Loveland, Ohio 45140.

36. Defendant Ricci owns and operates the Entity Defendants and the Tony's restaurants in Kentucky.

37. Among other things, Defendant Ricci does the following, both directly and through the Entity Defendants:

a. oversees and controls day-to-day operations of the Entity Defendants and Defendants' Kentucky Tony's restaurants;

b. sets all employment policies and practices, including compensation policies and practices for servers at Defendants' Kentucky Tony's restaurants;

c. makes hiring and firing decisions at Defendants' Kentucky Tony's restaurants;

d. disciplines employees at Defendants' Kentucky Tony's restaurants;

e. conducted meetings with tipped employees at each Defendants' Lexington, Kentucky Tony's restaurant, as well as the locations in Cincinnati, Ohio, and Indianapolis, Indiana, about prior lawsuits challenging the policies and practices at issue in this lawsuit;

f. acknowledged that he is an employer of the employees at each Tony's restaurant; and,

g. exercised custody and control over the employment records of tipped employees, including servers, at each Tony's restaurant.

38. In short, Defendant Ricci has at all relevant times been an employer Plaintiff and similarly situated individuals who have worked at the Kentucky Tony's restaurants within the meaning of the FLSA and the KWHA.

39. Together, all Defendants are a single employer of Plaintiff and similarly situated individuals who have worked at the Kentucky Tony's restaurants within the meaning of the FLSA and the KWHA.

## IV. FACTS

40. Plaintiff and those similarly situated are current and former servers at Defendants' Tony's restaurants in Lexington and Bowling Green, Kentucky, and who Defendants paid less than the applicable minimum wage rates per hour plus customer tips.

41. At all relevant times, Defendants paid Plaintiff and other servers at their Lexington and Bowling Green Tony's restaurants an hourly wage below the federal minimum wage of $7.25 per hour.

42. Defendants purported to utilize a tip credit for each hour worked by Plaintiff and other servers at their Lexington and Bowling Green Tony's restaurants to comply with the minimum wage obligations under the FLSA and the KWHA.

43. Plaintiff and other servers at their Lexington and Bowling Green Tony's restaurants must share a portion of their tips with back-of-house employees who do not interact with customers, namely, service bartenders.

44. Defendants knew or should have known that its compensation practices and policies for servers violate the FLSA and the KWHA.

45. There have been several previous lawsuits related to how Defendants compensate their tipped employees at their Tony's restaurants.

46. In early April 2022, in response to one of those lawsuits, Defendant Ricci held meetings with tipped employees at his Tony's Steaks & Seafood restaurants in Lexington, Kentucky; Cincinnati, Ohio; and Indianapolis, Indiana.[1]

47. During those meetings, Defendant Ricci addressed tipped employees, including

---

[1] Defendants' Bowling Green, Kentucky, Tony's restaurant location opened sometime in or around April 2023.

servers, regarding the pending legal action; urged them not to take legal action; made threatening and discouraging statements; disparaged the laws under which the claims were brought; and displayed general disregard and disdain for the legal requirements for paying tipped employees, including servers, pursuant to the tip credit.

## V. COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees who consent in writing to participate in this case:

> All current and former servers paid less than minimum wage plus tips at Defendants' Lexington and / or Bowling Green, Kentucky restaurants at any time from October 21, 2022, through the present.

(the "Potential Plaintiffs").

49. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and Potential Plaintiffs, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

50. Plaintiff also asserts his wage claims under the KWHA on behalf of the Potential Plaintiffs who consent in writing to participate in this case as collective claims, in the alternative to the class action claims under these provisions brought on behalf of the Rule 23 Class.

## VI. CLASS ACTION ALLEGATIONS

51. Plaintiff brings his KWHA claims against Defendants on his own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former servers paid less than minimum wage plus tips at Defendants' Lexington and / or Bowling Green, Kentucky restaurants at any time from October 21, 2022, through the present.

(the "Rule 23 Class").

52. Plaintiff is a member of the Rule 23 Class he seeks to represent.

53. Defendants have employed dozens of individuals as servers at their Lexington and Bowling Green Tony's restaurants. Thus, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

54. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiff and the members of the Rule 23 Class he seeks to represent are subject to the same compensation and tip policies. As a result, the Rule 23 Class shares several factual and legal questions, including, for example: (1) whether Defendants require servers to share tips with back-of-house service bartenders; and (2) whether the sharing of tips with service bartenders violates the tip-credit provisions of the KWHA.

55. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the minimum wage, overtime wage, and other requirements of the KWHA is not the result of any Plaintiff-specific circumstances. Rather, it arises from Defendants' common pay policies and practices, which Defendants applied generally to all its servers, including Plaintiff. Thus, in advancing his own claims, Plaintiff will also be advancing the claims of the Rule 23 Class.

56. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class, and Plaintiff has no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

57. By failing to pay servers all required minimum and overtime wages pursuant to their common pay practices and policies, Defendants have created a scenario where questions of

law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff is entitled to pursue his claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VII. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE MINIMUM AND OVERTIME WAGE REQUIREMENTS OF THE FLSA

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Plaintiff asserts this claim on behalf of himself and members of the Potential Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

60. Plaintiff and the Potential Plaintiffs are employees entitled to the FLSA's protections.

61. Defendants are employers covered by the FLSA.

62. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

63. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207. The minimum overtime hourly wage is $10.88 per hour.

64. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

65. The FLSA prohibits employers from relying on the tip credit where employees' tips are shared with other employees who do not have more than *de minimis* customer interaction.

29 U.S.C. § 203(m).

66. Defendants require Plaintiff and the Potential Plaintiffs to share tips with back-of-house employees who do not interact with customers, namely, service bartenders.

67. As a result, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum and overtime wage obligations to Plaintiff and the Potential Plaintiffs.

68. As such, Defendants have violated the FLSA by failing to pay Plaintiff and the Potential Plaintiffs for all time worked at $7.25 per hour and all overtime hours worked at $10.88 per hour.

69. Plaintiff and the Potential Plaintiffs are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

70. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions, as alleged above.

**COUNT II:**
**VIOLATION OF THE MINIMUM AND OVERTIME WAGE REQUIREMENTS OF THE KWHA**

71. All previous paragraphs are incorporated as though fully set forth herein.

72. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

73. In the alternative, Plaintiff asserts this claim on behalf of himself and the Potential Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

74. Plaintiff, the Potential Plaintiffs, and the Rule 23 Class are employees entitled to the KWHA's protections.

75. Defendants are employers covered by the KWHA.

76. The KWHA entitles employees to a minimum hourly wage of $7.25 for every hour

worked. KRS 337.275.

77. The KWHA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. KRS 337.285.

78. The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). KRS 337.275, 337.285.

79. While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiff, the Potential Plaintiffs, and the Rule 23 Class, they forfeit the right to do so when certain requirements are not met. See KRS 337.010(2)(d), 337.275(2); 803 KAR 1:081.

80. Defendants failed to satisfy the KWHA's requirements to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by requiring Plaintiff, the Potential Plaintiffs, and the Rule 23 Class to share their earned tips with other employees who do not have more than *de minimis* customer interaction.

81. As a result, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum and overtime wage obligations under the KWHA to Plaintiff, the Potential Plaintiffs, and the Rule 23 Class.

82. As such, Defendants have violated the KWHA by failing to pay Plaintiff, the Potential Plaintiffs, and the Rule 23 Class for all time worked at $7.25 per hour and all overtime hours worked at $10.88 per hour.

83. Plaintiff, the Potential Plaintiffs, and the Rule 23 Class are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to KRS 337.385.

84. In violating the KWHA, Defendants have acted willfully and with reckless disregard of clearly applicable KWHA provisions, as alleged above.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order authorizing notice to similarly situated employees and permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order authorizing notice to the Rule 23 Class and permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23;

C. A finding that Defendants have violated the FLSA and the KWHA;

D. A finding that Defendants' violations of the FLSA and the KWHA are and were willful and not in good faith;

E. A judgment against Defendants and in favor of Plaintiff, the Potential Plaintiffs, and the Rule 23 Class for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA and the KWHA;

F. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

G. Liquidated damages, treble damages, and monetary penalties to the fullest extent permitted under the FLSA and the KWHA;

H. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA, the KWHA, and the Federal Rules of Civil Procedure; and,

I. Such other and further relief as this Court deems just and proper in equity and under the law.

## IX. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: October 21, 2025

Respectfully submitted,

/s/ David W. Garrison
David W. Garrison (KY Bar No. 98258)
Joshua A. Frank (TN Bar No. 33294) *
Nicole A. Chanin (TN Bar No. 40239) *
**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

Jerome P. Prather
**GARMER & PRATHER, PLLC**
141 North Broadway
Lexington, KY 40507
Telephone: (859) 254-9352
Facsimile: (859) 233-9769
jprather@garmerprather.com

* *Pro Hac Vice* Admission to be applied for

*Attorneys for Plaintiffs*